## Thomas S. Hoy
### *v.*
## Bartholomew Hoy.

1. Pleading — *averments.* Where an agreement under seal contains a number of covenants to be performed by one party, and the other party, in consideration of such covenants, agrees to perform an act, the first are precedent covenants, and their performance must be averred and proved to warrant a recovery on the latter and dependent covenant.

2. ACTION — *debt or covenant.* Where a party covenants to pay a specified sum of money, annually, for ten years, on a specific day in each year, debt is the proper remedy, notwithstanding the agreement contains other covenants, the performance of which are precedent to the payment of the money.

3. DEBT — *lies where.* The action of debt lies on a lease for the recovery of rent in arrear, on an annuity deed for the recovery of the annuity, and on a mortgage to recover the mortgage debt.

4. DEBT — *when it will not lie.* The action of debt will not lie to recover on a bond for the payment of a sum of money payable by installments, until the last is due ; but it will lie to recover money payable at different times, for a specified period of time.

APPEAL from the Circuit Court of Randolph county; the Hon. S. L. BRYAN, Judge, presiding.

This was an action of debt, instituted by Bartholomew Hoy, in the Randolph Circuit Court, to the September Term, 1866, against Thomas S. Hoy. The declaration contained but one count, on articles of agreement under seal. Defendant craved oyer of the instrument sued on, and demurred to the declaration.

The court overruled the demurrer, and, defendant electing to abide by his demurrer, the court rendered judgment for the plaintiff, for $600 debt, and $54 damages. Defendant brings the case to this court by appeal, and assigns for error the overruling his demurrer, and the rendition of the judgment.

Mr. THOMAS G. ALLEN and Mr. WILLIAM H. BARNUM, for the appellant.

Messrs. W. STOKER, and JOHNSON & HARTZELL, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court :

This was an action of debt brought by appellee in the Randolph Circuit Court against appellant. The declaration avers that, " by a certain indenture then and there made between the said plaintiff of the one part and the said defendant of the other part, he, the said defendant, for the consideration therein mentioned, did promise and agree to pay, or cause to be paid, for and during the term of ten (10) years, provided the said

plaintiff should so long live, otherwise during his life, the sum of $300 each and every year, punctually on or before the 25th day of April of each and every year." It is further averred that, after the making the indenture, and within ten years of its date, the sum of $600 of the annuity or yearly charge became due and owing from the defendant to plaintiff, and is still due and owing, whereby an action had accrued.

Appellant craved oyer of the instrument sued on, and demurred to the declaration. It appeared, when the instrument was set out on oyer, that it contained several covenants binding upon each party. Appellee had bound himself that he would not intermeddle with the farm or authorize others to do so, but would withdraw therefrom save as a visitor, and would leave appellant in peaceable possession of the farm and proceeds thereof; that he would make no charges for the services of his wife or minor children; that he would sell and deliver to appellant within thirty days, and as soon as the price should be determined, in the manner therein specified, all of his farm implements pertaining to the premises, including teams, wagons, harness, etc., and all of the goods and chattels on the farm, except one horse, his books, papers and personal wardrobe, but the household and kitchen furniture, which is reserved for the free use of the family, and still others that are obligatory on appellee.

When it is remembered that this covenant to pay the money, and upon which this action is based, is expressly upon the consideration of the covenants entered into by appellee, it will be seen that appellant's liability to pay depended upon a performance of appellee's precedent and dependent covenants. A performance should, therefore, have been averred and proved. Every averment in the declaration might be admitted to be true, and still appellant not be liable under his covenant. Suppose he had failed to deliver possession of the personal property, or had controlled the farm to the exclusion of appellant, would any one suppose that he would be liable to pay this money? A party must show from the whole instrument, and the averments of his declaration, that he has a right to

recover. Appellant's liability did not grow out of this covenant alone, but upon the performance of the covenants entered into by appellee, and upon which this covenant depended. For the want of an averment of proper performance by appellee, the declaration was substantially defective, and the demurrer should have been sustained.

It is likewise insisted, that the action is misconceived, and that covenant alone could be maintained if there has been a breach. It is a fundamental rule that debt may be maintained wherever a sum certain, or such as may be reduced to a certainty by computation, is due. But where an act is to be performed, and the damages sustained by its breach can only be ascertained by proof, then covenant or assumpsit must be brought, depending upon the nature of the contract. In the case under consideration, the sum is specified, certain, depending neither on computation nor proof. It provides for the payment of a specified sum, annually for ten years, and on a particular day in each year. And the practice is long and uniformly established that debt will lie for the recovery of installments of rent due on a lease, and it seldom happens that there are not numerous covenants, precedent or mutual and dependent, embraced in a lease. The same is true of annuity deeds, and the action will lie for the recovery of annuities. An action of debt also lies to recover a sum of money due on a mortgage.

It has, however, been held that debt will not lie where a gross sum is payable by installments until the last falls due. 2 Saund. 306, note 6. But in this case the obligation is only for the payment of a certain sum annually. The several payments do not constitute a part of a gross sum. Each payment is separate and distinct. We must, therefore, hold that the action will lie. But, for the reasons given, the judgment is reversed and the cause remanded.

*Judgment reversed.*